# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**WILLIE CHARLES FORD, JR.,**

    **Plaintiff,**

**vs.**                                                **Case No. 4:11cv514-WS/WCS**

**OFF. TODD LUSSIER, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff was granted leave to proceed *in forma pauperis*, doc. 4, and the assessed initial partial filing fee has now been received. Doc. 7. It is now appropriate to review the complaint, doc. 1.

Review of the complaint indicates this case should be transferred. Plaintiff is located in the Suwannee County Jail and one named Defendant is in Columbia County, Florida, and one is in Hamilton County, Florida. Doc. 1.[1] All three of those counties are within the jurisdiction of the Middle District of Florida and not the Northern District.

---

[1] It is unclear whether Plaintiff intended to name the Columbia County Sheriff's Office as a Defendant in this case.

Plaintiff's arrest occurred in Tallahassee, but the majority of Plaintiff's claims concern events that appear to have taken place outside the Northern District of Florida. Doc. 1. Indeed, the arrest records and document relevant to Plaintiff's criminal case would be in Columbia County. Therefore, because the primary events at issue in this case and all parties are located in the Middle District of Florida, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), I respectfully **RECOMMEND** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 28, 2011.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.